United States v. Jones

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of April, two thousand twenty.

Present:     AMALYA L. KEARSE,
             GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

         *Appellee*,

                  v.                                      18-3554-cr

ALGERE JONES, AKA Bush,

         *Defendant-Appellant.*

_____

Appearing for Appellant:     Marlon G. Kirton, New York, N.Y.

Appearing for Appellee:      Kedar S. Bhatia, Assistant United States Attorney (Emily Deininger, Sarah K. Eddy, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Algere Jones appeals from the November 16, 2018 judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*) convicting him of violating his supervised release by (1) committing a narcotics offense; and (2) traveling to Pennsylvania without permission. Jones was sentenced principally to 36 months' imprisonment, to be followed by a life term of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Jones primarily challenges his conviction on the ground that the exclusionary rule for Fourth Amendment violations applies in supervised release hearings and bars the admission of drugs seized from the car he was driving. That argument is foreclosed by this Court's recent decision in *United States v. Hightower*, 950 F.3d 33 (2d Cir. 2020), which holds that the exclusionary rule does not apply in federal proceedings to revoke supervised release. Nor do we find any merit in Jones's remaining argument that the district court erred in finding that the evidence credibly established that the drugs tested by the forensics lab were the same substance recovered from the car. *See, e.g., United States v. Gomez*, 877 F.3d 76, 96-97 (2d Cir. 2017) (noting that a district court's credibility determinations are given "special deference" on appeal (internal quotation marks omitted)).

We have considered the remainder of Jones's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk